GREEN *vs.* DAKIN & DAKIN.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

The rule of the Commercial Court, authorizing either party, when the cause is at issue, to set it for trial on giving the opposite party three days notice, is not contrary to article 463 of the Code of Practice, requiring each suit to be called in its turn, and a day fixed for trial.

The members of a firm doing business as architects, and signing notes for the price of immoveable property purchased by them in the name of the firm, will only be bound *jointly*, and not *in solido*.

This is an action against the defendants on two promissory notes signed by them as *a firm*, (Dakin & Dakin) doing business as architects, and which were given in part payment of the purchase of several squares of ground in the town of Bloomingdale, in the parish of Jefferson. There were exceptions filed to the petition, which were overruled, and a general denial pleaded. The plaintiff had the cause fixed for trial under the third rule of court, authorizing either party to set the cause for trial on giving the opposite party three days notice.

On the day fixed, the defendants' counsel objected to go to trial ; first, the cause had not been set down on the docket, in order that it might be called in its turn, and a day fixed for its trial ; and, second, that defendants prayed for a trial by jury, which had not been waived.

There was judgment for the plaintiff against the defendants *in solido*, and they appealed.

*I. W. Smith*, for the appellants.

The court below erred in ruling them to trial. They had the right to have their cause placed on the docket of the court, fixed and tried in its turn, and not otherwise. *Code of Practice*, 463, 464. The third rule of the court below is contrary to law.

The defendants submit that they are only bound *jointly*. *Louisiana Code*, 2075. *Solidarity* is not here expressed, and

it cannot be presumed. *Louisiana Code*, 2088. The words are, "We promise," &c. See *Mayor &c.* vs. *Ripley et al.*, 5 *Louisiana Reports*, 120. There is neither allegation nor proof of a commercial partnership. *Louisiana Code*, 2796 ; *Duhameau* vs. *Levasseur ;* 12 *Dalloz, Recuil Alphabétique*, p. 87, *No.* 1. And the plaintiff has failed to show any authority of the partner who signed the notes, to bind his co-partner *in solido. Louisiana Code*, 2843. The notes were given for land. This was not partnership property. *Skillman* vs. *Purnell, et al.*, 3 *Louisiana Reports*, 496.

*G. B. Duncan*, contra.

*Morphy, J.*, delivered the opinion of the court.

The defendants are sued on two promissory notes, given in payment of real estate bought of plaintiff. They offered no serious defence below, and were decreed *in solido* to pay the amount of the same.

They contend that they have been improperly ruled to trial in the court below ; that they had the right to have their cause set down on the docket of the court, and fixed and tried in its turn, and not otherwise ; and that the rules of the court below, under which they were forced to trial, are contrary to the Code of Practice, article 463.

The rules have been given in evidence, and we find them spread on the record. The third one complained of, provides "that any party may direct the clerk to fix for trial any cause in the possession of the court which is at issue ; giving the opposite party three days notice of the trial." *Article 463 of the Code of Practice*, provides that "as soon as the answer has been filed in a suit, the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial." We have no evidence before us that the clerk did not do his duty in setting down this cause on the docket as soon as the answer was filed. And we do not perceive in what respect article 463 of the Code of Practice is violated by the rule complained of ; for a case must be considered to be called in its turn,

The rule of the Commercial Court, authorizing either party, when the cause is at issue, to set it for trial on giving the opposite party three days notice, is not contrary to the 463d article of the Code of Practice, requiring each suit to be called in its turn, and a day fixed for trial.

EASTERN DIST.
*March*, 1840.

under that article, when it is called and fixed for trial, according to the rules which that code authorizes the courts to enact for the despatch of the business before them. We have not the power, and still less the inclination, to interfere with the police and regulations of the inferior courts, unless they be manifestly contrary to law, and lead to gross injustice; which is not the case in this instance.

On the merits, the defendants contend that they are not bound *in solido* : their partnership not being of a commercial character. The plaintiff describes them in his petition to be architects, doing business as partners; but has not alleged or proved that they did any commercial business. The particular property for which these notes were given, would not have belonged to the firm, even if it had been a commercial one. We think, then, that the defendants are not liable *in solido*. *Louisiana Code*, *article* 2075, 2088, 2796 ; 5 *Louisiana Reports*, 120 ; 7 *Idem.*, 426.

It is therefore ordered, and decreed, that the judgment of the court below be so amended as to render the defendant's obligation to pay under it, joint only, and not joint and several, as prayed for by plaintiff; and that the costs of this appeal be borne by the latter.