(94 South. 393)

No. 25407.

## STATE v. PARKER.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law 1116—Error in overruling motion to quash not shown without pointing out contravention of statute.**

   No error is shown in the overruling of a motion to quash on the ground, among others, that the search and seizure provision of Act No. 39 of 1921, under which defendant' was prosecuted, is contrary to the Constitution, where the provision of the Constitution, or the manner in which it is contravened, is not stated, and there is nothing to show how such provision had any application to accused, who necessarily had not been tried when the motion was filed.

2. **Intoxicating liquors 198 — Affidavit for possessing intoxicating liquors not subject to motion to quash.**

   Under Act No. 160 of 1910, as amended by Act No. 96 of 1921, authorizing the prosecution of offenses against the state in the city court

of Alexandria on affidavit, an affidavit, sworn to by the proper district attorney, and entitled "State of Louisiana v. S. P. and R. P.," and also "State of Louisiana, Parish of Rapides, City Court, Alexandria Ward," and charging that accused, within the limits of Alexandria and of the ward and parish aforesaid, had in possession for sale intoxicating liquor for beverage purposes without a permit or authority in law, was not subject to motion to quash.

3. **Criminal law 252(1) — Affidavit in city court not defective, as not showing jurisdiction of court.**

   An affidavit in the city court of Alexandria, entitled "State of Louisiana v. S. P. and R. P.," and also "State of Louisiana, Parish of Rapides, City Court, Alexandria Ward," and charging an offense to have been committed within the limits of Alexandria Ward in the parish and state aforesaid, was not defective as not showing the court's jurisdiction, as it may have been shown that the city of Alexandria was located in a ward of the parish known as Alexandria Ward.

Appeal from City Court of Alexandria; Al. Hundley, Judge.

Sam Parker was convicted of unlawfully possessing intoxicating liquor, and he appeals. Affirmed.

T. F. Hunter and Cecil L. Whitehead, both of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

DAWKINS, J. Appellant was charged in an affidavit by the district attorney, filed in the city court of Alexandria, La., with unlawfully possessing intoxicating liquor. From a judgment and sentence of conviction, he prosecutes this appeal.

There are no briefs for either side. Four bills of exception are found in the record.

The first was to the overruling of a motion to quash, for the reasons that the title of Act 39 of 1921 does not indicate its object; that the contents of the act are broader than its title, that the search and seizure

---

[1] Ante, p. 777.

provided therein "is contrary to the protection afforded under the Constitution of the state of Louisiana," and that it does not express the legislative intent, but to find its meaning reference must be had to other laws or systems not recited therein.

[1] All of these issues were disposed of in the case of State v. Coco (La.) 92 South. 883,[2] and cases subsequently decided, with the possible exception of the contention that the search and seizure provision of the Hood Bill is unconstitutional. We are not informed as to either the provision of the Constitution or the manner in which it is contravened; nor is there anything in the record to show that such provision has any application to the case of accused, which necessarily had not been tried when the motion was filed.

We find no error.

[2] The next bill deals with the overruling of a second motion to quash upon the alleged grounds that the charge as laid does not denounce a crime; that if laid under Act No. 39 of 1921 it does not denounce any offense covered thereby; that the charge is void for want of proper form; that it does not inform accused of the nature and cause of the charge against him; and that said charge is not brought by any person having right or power to direct public prosecutions.

The affidavit charges that accused did, on or about April 15, 1922, within the limits of Alexandria, ward and parish "aforesaid" (the caption being "State of Louisiana v. Sam Parker and Rachel Parker, State of Louisiana, Parish of Rapides, City Court, Alexandria Ward") "have in possession for sale intoxicating liquor for beverage purposes without a permit or any authority in law for same, contrary to the statutes of the state of Louisiana and against the peace and dignity of the state."

The act creating the city court of Alexandria (Act 160 of 1910, as amended by Act

96 of 1921), authorizes the prosecution of offenses against the state therein upon affidavit. The charge is sworn to by the district attorney, the prosecuting officer for the state within the parish and city, and, finding nothing to sustain the other averments of the motion, not having been aided by brief, we conclude that the ruling was correct.

[3] The third bill was to the overruling of a motion for new trial, based upon the contention that the judgment of conviction was contrary to the law and the evidence, as well as upon some of the same grounds urged in the motions to quash; further, that the charge does not contain sufficient allegations to show jurisdiction in the trial court; that it is not in the name of the state, "and is wanting in essential constitutional provisions and requirements."

As disclosed by our discussion of the preceding bill, the affidavit does appear to be headed "State of Louisiana v. Sam Parker and Rachel Parker," and on the right-hand side of the page appears "State of Louisiana, Parish of Rapides, City Court, Alexandria Ward," and in the body it charges the offense to have been committed "within the limits of Alexandria ward, in the parish and state aforesaid." For aught that we know, it was shown that the city of Alexandria was located in one ward of the parish, and known as "Alexandria ward." We therefore find no merit in this bill, there being nothing to enlighten us as to what is meant by the allegation that the charge "is wanting in essential constitutional provisions and requirements."

The fourth and last bill was to the denial of a motion in arrest of judgment, which contained nothing additional to what has been covered by our discussion of the other bills, and was properly overruled.

The judgment and sentence appealed from are affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.

---

[2] Ante, p. 241.