(95 South. 871)

No. 25757.

### STATE v. WHITTINGTON.

(April 2, 1923.)

Appeal from City Court of Alexandria; Al Hundley, Judge.

R. M. Whittington was convicted of the unlawful possession of intoxicating liquors, and he appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

ROGERS, J. Defendant was charged by affidavit in the city court of Alexandria with having in his possession intoxicating liquors for beverage purposes, in violation of the statutes of the state of Louisiana. Act No. 39 of the Special Session of the Legislature for 1921. He was convicted and sentenced to pay a fine of $500, and to serve 60 days in the parish jail, and, in default of payment of the fine, to additional imprisonment for a term of six months. From this judgment and sentence, the present appeal is prosecuted.

There are four bills of exception in the record taken to the action of the court in overruling, respectively, a motion to quash, an objection to evidence, a motion for new trial, and a motion in arrest of judgment.

Appellant has apparently abandoned, as being without merit, in which we concur, all of the points reserved under the said bills, with the exception of one of the grounds set up in the motion in arrest of judgment. Defendant alleges, in said motion, that the charge against him is not brought in the name of the state of Louisiana and is wanting in those essentials of form provided for all indictments, etc., under the Constitution of this state, adopted in the year 1921. His objection is that the affidavit herein does not on its face purport to be a prosecution in the name of, and by the authority of, the state of Louisiana. This precise question was recently before this court in several cases, in which the decisions were adverse to the contention of appellant. State v. Parker, 152 La. 779, 94 South. 393; State v. Cruse et al., 152 La. 983, 94 South. 906.

Judgment affirmed.