(106 So. 830)

No. 27634.

STATE v. JONES.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊚⟿301—Refusal to allow withdrawal of plea of not guilty, in order to file motion for bill of particulars and to quash information, not abuse of discretion.**

Where accused was not called for arraignment until a week after filing of information, when he waived arraignment and pleaded not guilty, refusal thereafter to allow withdrawal of plea in order to file motion for bill of particulars and to quash the information *held* not abuse of discretion.

2. **Indictment and information ⊚⟿110(31)—Information for selling liquor held sufficient as against motion for bill of particulars and to quash.**

Information charging sale of intoxicating liquor for beverage purposes substantially following words of statute, and stating date of offense and kind of liquor sold, *held* sufficient as against motion for bill of particulars and motion to quash, without stating quantity sold or disclosing name of party to whom sold.

3. **Criminal law ⊚⟿951(1), 974(2)—Refusal to postpone sentence to grant reasonable time to file motion for new trial and in arrest held abuse of discretion.**

Trial court's refusal to postpone sentence and grant reasonable time to prepare and file motions for new trial and in arrest of judgment *held* a deprivation of right and abuse of discretion, which was not cured by filing of motion for new trial after sentence was passed.

4. **Criminal law ⊚⟿951(1), 974(2)—Reasonable time for filing motions before sentence, after conviction, depends on circumstances.**

What is a reasonable time to postpone sentence to allow filing of motions for new trial and in arrest of judgment depends on the facts and circumstances of each particular case.

Appeal from First Judicial District Court, Parish of Bossier; E. P. Mills, Judge.

J. J. Jones was convicted and sentenced for selling intoxicating liquor, and he appeals. Sentence set aside and case remanded, with directions.

Crow & Coleman, of Shreveport, for appellant.

Percy Saint, Atty Gen., L. C. Blanchard, Dist. Atty., of Shreveport, L. B. Duke, Asst. Dist. Atty., of Benton, and Aubrey M. Pyburn, Asst. Dist. Atty., of Shreveport, for the State.

THOMPSON, J. The defendant, charged with selling intoxicating liquor, when called for arraignment failed to answer and his bond was forfeited. This was on October the 7th.

[1] Six days later he appeared and personally waived arraignment and pleaded not guilty. The case was then by consent assigned for trial on October 20th.

When called for trial on the day fixed, the defendant requested permission to withdraw his plea in order to file a motion for a bill of particulars and a motion to quash the information. The request was denied by the court.

A motion for a bill of particulars and to quash, however, were filed and overruled by the court.

[2] We see no error in the ruling of the court. The information was filed on October 1st, but the accused was not called for arraignment until October 7th. The case was fixed by consent or at least without objection for October 20th. Ample time therefore intervened between the time of defendant's arrest and the date of arraignment for the defendant to have prepared and filed all preliminary motions which he might have desired to present to the court. At all events the matter of withdrawal of the plea was within the discretion of the court, and we find no abuse in the exercise of that discretion.

The motion for bill of particulars and the motion to quash are without any merit. The information does charge a crime known to the laws of the state, to wit, the sale of intoxicating liquor for beverage purposes. The information follows substantially the words of the statute. The date of the offense was stated and the kind of liquor sold was designated. The state was not required to state the quantity sold, nor to disclose the name of the party to whom sold.

We can discover no sufficient reason for setting aside the conviction of the accused.

[3, 4] A more serious question is presented, however, in the action of the court in passing sentence immediately after conviction over objection of the accused and without giving him an opportunity to file a motion for a new trial and a motion in arrest.

It appears that when the court adjudged the defendant guilty after hearing the evidence and argument of counsel, the defendant's attorney asked the court to postpone the sentence and to grant him a reasonable time within which to prepare and file a motion for a new trial and in arrest of judgment. The request was denied for the reason, as the judge states, that a three days' delay was requested for the filing of the motion and he saw no reason why the motion for a new trial should not be prepared and filed instanter.

There is no law, so far as we are informed, which fixes a delay of three days between conviction and the sentence within which an accused may file a motion for a new trial or one in arrest of judgment. That an accused has the right to file such motions, and that such a right is a substantial one of which he cannot be deprived by the court, is not open to question. To require or demand that such motions be filed instanter and immediately after conviction is tantamount to a denial of a legal and substantial right accorded to every one convicted of a crime. The court should have granted a reasonable time for the preparation and filing of a motion for a new trial and in arrest of judgment. What is a reasonable time must depend on the facts and circumstances of each particular case.

The complaint is not answered by the fact that the accused filed a motion for a new trial after sentence was passed. The judge did not pass upon said motion and could not have granted the same even if he had felt disposed to do so for the obvious reason that the law prohibits the judge from setting aside a sentence, or even altering or amending it in any substantial respect.

What has been said applies with equal force to the refusal to grant time for the filing of a motion in arrest of judgment. No such motion was filed or could have been filed after sentence.

The other complaint, that defendant was

denied bail pending the delay between sentence and the order of appeal, even if properly presented on this appeal, has become purely an academic and abstract proposition, since an order allowing and fixing the amount of bond was entered coincident with the order of appeal.

For the foregoing reasons it is ordered that the sentence be set aside, and the case is remanded to the lower court in order that the defendant may be given the opportunity to renew his motion for a new trial and to file such other motions as may be deemed proper and necessary in his defense. The case otherwise to be proceeded with according to law.