THOMPSON, J.
 

 The defendant appeals from a conviction and sentence for having in his possession “intoxicating liquors for beverage purposes for sale.”
 

 He was arraigned on July 7, 1927, pleaded not guilty, and the case fixed- for trial on July 14th.
 

 On the last-named date the defendant asked leaveo to withdraw his plea of not guilty in order to file a motion for a bill of particulars. When, that request was made, the district attorney offered to furnish- all information' which the law would require him to furnish, whereupon the court refused the request to withdraw the plea.
 

 The counsel for the defendant then filed his motion for a bill of particulars which would show the kind of liquor possessed, the place where it was possessed, and the quantity possessed.
 

 The district attorney furnished all of the information called for except as to the quantity, and this he was not required to furnish, as was held in State v. Pete, 153 La. 943, 96 So. 818; State v. Cryar, 158 La. 498, 104 So. 304; State v. Jones, 160 La. 210, 106 So. 830.
 

 An accused party has not an absolute right to withdraw a plea either of guilty or not guilty. The granting of the privilege is within the sound discretion of the trial judge. We have not found that the judge in this instance abused that discretion.
 

 But, if that were otherwise, the defendant was permitted to file his motion for a bill of particulars, and he was supplied all of the information he called for and to which he was legally entitled. He got all the privileges he would have been entitled to had his plea been withdrawn. He therefore suffered no injury.
 

 After the court had refused the withdrawal of the plea of not guilty, counsel for defendant asked to have the minutes of the court show his motion for bill of particulars and his exception to the ruling of the court in not permitting the withdrawal of the plea. The judge states in his per curiam that he did not intend to refuse the requested minute entry, but suggested to counsel that his rights be reserved in a bill of exception, and this was done.
 

 
 *943
 
 The counsel for defendant made no request to have the clerk take down the facts as they occurred in order to have them brought up with his bill of exception. The judge, well says there,is no law which requires a bill of exception in a criminal case to be spread upon the minutes of the court or even entered therein. On the contrary, such bills of exception, when noted in the minutes, will not be considered by this court in the absence of a formal bill signed by the judge, in all matters where a bill of exception is required.
 

 What has been said covers bills of exception 1, 2, and 3.
 

 Bills No. 4 and 5 were taken to the admission, over defendant’s objection, of certain testimony given by the witnesses Eranus Daighe and P. L. Lacy. These witnesses were asked if they had ever, prior to the date of the offense charged in the information, gotten any home-brew from defendant. The objection was made that the testimony sought did not refer to the particular offense charged and was an attempt by the state to prove another and different one from that charged.
 

 It appears that the defendant kept a cold drink stand, and in connection therewith, he provided his customers with beer of the home-brew make at the price of 15 or 20 cents per bottle. He had been engaged in selling home-brew covering a period, according to some witnesses, of six months, and, according to others, a year, prior to this prosecution.
 

 The two witnesses whose testimony was objected to both purchased beer from defendant on more than one occasion.
 

 The court in its per curiam states it did not consider any testimony of the two witnesses in regard to the sale, or any other offense that the defendant might have committed at that time.
 

 All the court considered was evidence as showing possession on or about June 1st, which was relevant, to the question on the date mentioned in the bill.
 

 The ruling was proper. The defendant was charged with possessing beer for beverage purposes for sale, and any evidence going to show prior possession of beer for sale for beverage purposes was, admissible to show motive and intent.
 

 “There are exceptions to the rule that no evidence is admissible of distinct offenses committed by ' the defendant than that charged in the indictment, when it is material to show the intent with which the act charged was done.” State v. Anderson, 45 La. Ann. 651, 12 So. 737; State v. Jones, 145 La. 340, 82 So. 362.
 

 In the case of State v. De Arman, 153 La. 346, 95 So. 803, we held:
 

 “Under an indictment charging possession of intoxicating liquors on a specified date, it might be shown, as corroborating evidence, that the same liquor was possessed within a reasonable time before the date charged.”
 

 While the court in the cited case ruled that evidence of prior possession of the
 
 same
 
 liquor might be favored as corroborating the act of possession charged, it was not the purpose of the court to hold that in all such cases the prior possession must be of the same liquor as that the defendant is placed on trial for illegally possessing. The charge here made is possession for sale, and it would be practically impossible to prove that the same liquor was in defendant’s possession for sale a month prior to the date charged in the information.
 

 The defendant was engaged in the business, as shown by the record, of selling home-brew, and that business had continued for from six to twelve months prior to the date the present charge was made against him.
 

 We are of the opinion, therefore, that evidence of prior acts of possession of intoxicating liquors for sale for beverage purposes, of the character and kind of that with which defendant is charged,, were admissible in evidence as corroborative of the charge made and of showing motive and intent.
 

 
 *945
 
 Bill No. 6:
 

 This bill was reserved to the overruling of a motion in arrest of judgment, which motion alleged that the information discloses and charges no offense in violation of any law.
 

 While the motion in arrest of judgment was predicated upon the idea that the Hood Bill does not make it a crime to possess intoxicating liquors for beverage purposes for sale, we understand from counsel’s brief that the main theory of the motion and the real contention is that it is no offense to possess intoxicating liquors for beverage purposes for sale, because the statute undertakes to denounce in the same clause or section two offenses with different penalties, one necessarily imprisonment and the other not.
 

 From which it is argued that the charge in the information is bad for duplicity.
 

 Section 3 of Act 39 of 1921 (Extra Session) provides that any person who shall violate the provisions of this act by manufacturing,
 
 or having in possession, for sale,
 
 or by selling intoxicating liquors shall be guilty, etc.
 

 The information in this case follows the exact language of the foregoing section, and charges that the defendant did unlawfully
 
 „possess
 
 intoxicating liquor, within the parish of Calcasieu, La.,
 
 for beverage purposes for sale.
 

 The position of counsel in this case is directly opposed to the contention made by counsel in State v. Brackins, 152 La. 446, 93 So. 582.
 

 In that case the defendant was charged merely with the possession of intoxicating liquors for beverage purposes, and a motion in arrest was filed on the ground that Act 39 of 1921 does not penalize the possession of intoxicants except where the same are
 
 Icept for sale.
 
 The court held otherwise and sustained the conviction for possessing for beverage purposes.
 

 In the case of State v. Parker, 152 La. 779, 94 So. 393, the defendant was charged with having in his
 
 possession for sale
 
 intoxicating liquor for beverage purposes. He moved to quash on the ground that the charge as laid, if made under Act 39 of 1921, did not denounce any offense covered thereby. The court held otherwise and affirmed the conviction.
 

 The statute, under which this defendant was charged makes it an offense to possess intoxicating liquors for beverage purposes, as also the possession of intoxicating liquors for beverage purposes for sale. The only distinction made between the two offenses is in the degree of punishment. It was perfectly competent for the Legislature to include the two offenses in the same clause or section.
 

 The information herein only charges one of the offenses denounced in the statute, that of possessing intoxicating liquors for beverage purposes for sale, and hence is not subject to the charge of duplicity.
 

 The last biU of exception attacks the constitutionality of section 3 of Act 39 of 1921 in so far as it denounces and penalizes any act without the qualification of “for beverage purposes” and having in possession for sale without the qualification of “for beverage purposes”; the contention being that said section is broader than the title.
 

 The title of Act 39 of 1921 reads in part:
 

 “To prohibit the manufacture, sale * * * intoxicating liquors for beverage purposes."
 

 Section 1 of said act declares:
 

 “That no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors, * * * for beverage purposes.”
 

 Section 2 of the act provides:
 

 “That no person shall advertise, either directly or indirectly, or by any means, the manufacture, sale or the keeping for sale of intoxicating liquors, * * *
 
 for beverage purposes.”
 

 It is true that, when the Legislature came to fix the penalty for the commission of the
 
 *947
 
 acts therein prohibited, it omitted the words “for beverage purposes.”
 

 ' The penal clause does provide, however, that any person who shall violate the provisions of the act shall be guilty of a misdemeanor and upon conviction shall be fined, etc. When all the provisions of the act, including the title, are considered, it is perfectly manifest that it was the purpose of the Legislature to prohibit the manufacture, sale, transportation, delivery, possession, possession for sale, advertisement, etc., of intoxicating liquors for beverage purposes. This object and purpose was not only indicated but expressly stated in the title of the act.
 

 This court has on more than one occasion held that a charge under the act for having intoxicating liquor in one’s possession is not valid if it does not charge that the liquor was possessed for beverage purposes. State v. Wilkerson, 156 La. 881, 101 So. 252; State v. Gremillion, 160 La. 122, 106 So. 716.
 

 We are therefore constrained to hold that section 3 of Act 39 of 1921 is not broader than the title of the said act, and is therefore not unconstitutional for the reason urged by counsel.
 

 The conviction and sentence are affirmed.