187 So. 659

**STATE v. ODOM et al.**

No. 35217.

March 6, 1939.

James A. William, of Lake Charles, for appellants.

Gaston L. Porterie, Atty. Gen., James O'-Connor, First Asst. Atty. Gen., and C. V. Pattison, Dist. Atty., and John H. Martin, Asst. Dist. Atty., both of Lake Charles, for the State.

PONDER, Justice.

The defendants Riley Odom and Elmer Odom were charged, tried and convicted of the crime of breaking and entering in

the night time and sentenced to not less than two or more than six years in the State Penitentiary. The defendants have appealed from the conviction and sentence.

At the hearing of the appeal in this Court the defendants' counsel did not appear for argument and no brief has been filed herein on behalf of the defendants.

 Upon examination of the record we find an unsigned bill of exception taken during the trial to the court's overruling an objection made by defendants' counsel to the testimony of a State's witness. From the note of testimony in the record it appears that counsel for the State asked the State's witness if he, the State's witness, found that this barn or outhouse was broken into. The witness answered, "Yes", after which counsel for the defendants objected to the evidence on the ground that the building is not in accordance with the indictment which reads, "warehouse". The lower court overruled the objection stating at that time that any building might be used as a warehouse whether it was constructed for that purpose or not. The defendants' counsel excepted to the ruling of the court and reserved a bill of exception. We find in the record the formal bill of exception, but it is not signed by the trial judge. Under the provisions of Article 499 of the Code of Criminal Procedure it is necessary for the judge to sign the bill of exception. The Article provides that when the judge refuses to sign the bill of exception he may be coerced by mandamus to sign it. A bill of exception will not be considered by this Court in the absence of a formal bill signed by the judge, in all matters where a bill of exception is required. State v. Shropulas, 164 La. 940, 114 So. 844; State v. Snowden, 174 La. 156, 140 So. 9. From the indictment it appears that the defendant was charged with breaking and entering in the night time the warehouse of Mrs. Catherine Rodriquez with the intent to steal the goods and chattels of the National Geophysical Corporation. It appears that the National Geophysical Corporation had stored a quantity of dynamite in a building back of Mrs. Rodriquez's place which the defendants' counsel contended was a barn. While the bill of exception is not signed by the trial judge, the matter being not properly before us, yet among the definitions given in Webster's New International Dictionary of the word "warehouse" are: "a storehouse (sometimes, a storeroom) for wares, or goods. The term is broadly used, and may include any structure used to hold goods, stores or wares, temporarily or for a length of time." The building it would appear was used to store and house the dynamite.

 We find in the record a motion for a new trial which the minutes show was overruled. There is no formal bill of exception to the overruling of the motion for a new trial. The record does not show that any evidence was taken on the motion for a new trial and there is no note of evidence in the record taken thereon. It is so well established in the jurisprudence of this State that this Court will not review the overruling of a motion for a new trial except where a formal bill of exception is taken thereto that it is unnecessary to cite authorities to that effect. Furthermore, there is no

evidence in the record to show that the trial judge erred in his ruling.

For the reasons assigned, the verdict and sentence appealed from are affirmed.