195 So.2d 270

**STATE of Louisiana**

**v.**

**Rellis P. LAVIOLETTE.**

**No. 48344.**

Feb. 20, 1967.

Darrell DesOrmeaux, Lafayette, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Bertrand DeBlanc, Dist. Atty., for appellee.

HAMLIN, Justice:

Defendant was indicted for the crime of negligent homicide (LSA–R.S. 14:32), tried, convicted, and sentenced to serve four years and eleven months at hard labor in the State Penitentiary. He appeals to this Court from his conviction and sentence, presenting for consideration two unsigned bills of exceptions and a motion for a new trial, no bill of exceptions being reserved to the trial judge's overruling of the motion.

During the course of trial, counsel for defendant reserved five bills of exceptions, which were all timely filed. (Three were abandoned during argument in this Court.) The trial judge refused to sign any of these bills and gave the following reason in a per curiam filed on June 7, 1966:

"The Bills as submitted are unsigned as the Court does not find them to be in conformity with the Code of Criminal Procedure; namely, Title 15, Section 500." [1]

On May 31, 1966, defendant was granted a suspensive appeal, returnable to the Supreme Court of Louisiana on August 1, 1966, and he was ordered released on bail. However, the motion and order was marked, "FILED: 6–7–66, Marion Boudreaux, Deputy Clerk of Court, Vermillion Parish, Louisiana."

The record discloses that counsel for defendant made no attempt to reform the bills of exceptions so that they would conform with the assertion made by the trial judge in the above per curiam. Neither did counsel do anything to bring to issue the cor-

---

1. "The bill of exceptions must show the circumstances under which and the evidence upon which the ruling complained of is based; and the accused is without right to have taken down any evidence except that which is necessary as a basis for his bill; he cannot require that any evidence be taken down that pertains to guilt or innocence." LSA–R.S. 15:500.

rectness vel non of the trial judge's refusal to sign the bills.

LSA–R.S. 15:499 provides:

"On the trial of all criminal cases, whenever a bill of exceptions shall be reserved to the ruling on any objection, the court shall at the time and without delay order the clerk or the stenographer to take down the facts upon which the objection and the ruling are based, together with the objection, the ruling and the reasons of the ruling, which statement, objection, ruling and reasons, so taken down, shall be preserved among the records of the trial, and shall, when signed, by the judge, constitute the bill of exceptions; provided that whenever a bill has been reserved the judge may be coerced by mandamus to sign the same." [2]

■ " * * * The signing of a bill of exception is so much a ministerial duty that, when timely applied for, mandamus will lie to compel its performance. * * * The judge cannot be compelled, of course, to sign a bill reciting facts which, according to his recollection did not happen, but he must, where the bill is reserved and timely pre-

sented, at least state what his conception of the matter is. * * *" State v. Young, 153 La. 605, 96 So. 275; "* * * A bill of exception which the judge has refused to sign is no bill, and the remedy therefor is by way of the writ of mandamus to compel the signing." State v. Garner, 135 La. 746, 66 So. 181; and, "* * * Under the provisions of Article 499 of the Code of Criminal Procedure it is necessary for the judge to sign the bill of exception. The Article provides that when the judge refuses to sign the bill of exception he may be coerced by mandamus to sign it. A bill of exception will not be considered by this Court in the absence of a formal bill signed by the judge, in all matters where a bill of exception is required. * * *" State v. Odom, 192 La. 257, 187 So. 659.

■ The above article of the Code of Criminal Procedure and the jurisprudence set forth a remedy—mandamus—which was available to counsel for defendant. State ex rel. Ramsey v. Judge of Third District of Louisiana, 50 La.Ann. 1125, 24 So. 189. Not having invoked the proper remedy, defendant is now without relief. " * * * As to

---

2. Art. 845 of the new Code of Criminal Procedure, West's Louisiana Statutes Annotated, (effective Jan. 1, 1967), very similar to LSA–R.S. 15:499, provides:— "The bills of exceptions reserved during the trial shall be submitted to the court and signed by it at any time prior to the granting of an order of appeal; except that if the bills of exceptions are not submitted and signed prior to the order of appeal the court shall fix a later date for the submission and signing of bills of exceptions, which extended date must be not later than the return day for the appeal. The court must sign the formal bills of exceptions, but may attach per curiam comments stating its reasons for the rulings. If the court refuses to sign a formal bill of exceptions, its refusal may be reviewed on a writ of mandamus."

whether the judge properly refused to sign the bill of exceptions as drawn by counsel, we can not determine on a bill of exceptions to such refusal. Where a judge refuses to sign a bill of exceptions properly taken, the proper remedy is by mandamus. * * *" State v. Gunter, 30 La.Ann. 536. Cf. State ex rel. Ramsey v. Judge of Third Dist., supra; State v. Smalling, 240 La. 887, 125 So. 2d 399.

■■ The jurisprudence of this Court is well established that in appealable cases, bills of exceptions to be considered must be presented to and signed by the trial judge before the appeal is taken. State v. Foret, 245 La. 187, 157 So.2d 733; State v. Woods, 220 La. 162, 55 So.2d 902; State v. Scott, 227 La. 198, 78 So.2d 832. Since the instant bills were neither signed nor perfected, they are, therefore, not properly before us for consideration.

The motion for a new trial alleges in Article 5 that, "* * * regular bills of exceptions were reserved during these proceedings showing errors committed to the prejudice of the accused all of which will more fully appear by the bills of exception which are made a part hereof and the transcript of evidence taken on the trial of this case made a part hereof." Nothing new is presented in the other allegations of the motion.

■■ As stated supra, no bill of exceptions was taken to the overruling of the motion for a new trial. Under the provisions of LSA–R.S. 15:498, "a bill of exceptions is not necessary, however, when the ruling complained of is the overruling of a motion for a new trial based upon bills of exceptions reserved during the trial." In connection with the motion, even though the bills of exception were not perfected, we are now constrained to note that the proper evidence was not made part of the bills of exceptions reserved; a reviewing court can only entertain evidence made part of a bill. State v. Brent, 248 La. 1072, 184 So.2d 14; State v. Brown, 248 La. 520, 180 So.2d 410; State v. Brown, 236 La. 562, 108 So.2d 233. Thus, we must conclude that the trial judge's denial of the motion for a new trial is correct.

■ We have also examined the record for errors patent on its face and find that none exist. There is, therefore, nothing on this point for our review. State v. Scott, supra; State v. Sanford, 248 La. 630, 181 So.2d 50; State v. Robinson, 244 La. 199, 151 So.2d 371.

For the reasons assigned, the conviction and sentence are affirmed.