76 So.2d 921 (1954)
226 La. 630
STATE of Louisiana
v.
Joseph L. SCHEUERING.
No. 41827.
Supreme Court of Louisiana.
November 8, 1954.
Rehearing Denied December 13, 1954.
*922 Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., New Orleans, for relator.
*923 Hugh M. Wilkinson, Hugh M. Wilkinson, Jr., New Orleans, Wilkinson & Wilkinson, New Orleans, of counsel, for respondent.
HAWTHORNE, Justice.
This case is before this court under its supervisory jurisdiction to review a judgment of Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans[1] affirming a judgment of Section E of the Criminal District Court for the Parish of Orleans which sustained a demurrer and a motion to quash an indictment against Joseph L. Scheuering, superintendent of police, charging him with malfeasance in office as denounced by Article 134 of the Louisiana Criminal Code, R.S. 14:134.
The provisions of Article 134 of the Criminal Code which the defendant is charged with having violated read in pertinent part as follows:
"Malfeasance in office is committed when any public officer or public employee shall:
"(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee * * *."
The indictment charges the offense in the following language:
"* * * That one Joseph L. Scheuering, * * * between January 19, 1952 and the 23rd day of November in the year of our Lord, one thousand, nine hundred fifty-three * * * being then and there Superintendent of Police of the City of New Orleans, a public officer and employee of said City, did intentionally, unlawfully, and knowingly refuse and fail to perform a duty lawfully required of him, as such officer and employee, in that on January 19, 1952, a simple burglary involving complicity of two employees of the New Orleans Police Department, to-wit: one Sergeant Oren Hobren and one Patrolman Louis Reichert, was committed of a building and structure, No. 3100 Gentilly Boulevard, known as Katz and Besthoff, Incorporated, Store No. 14, in the Parish of Orleans, and within the jurisdiction of this Court, which alleged crime had come to the knowledge of him, the said Superintendent of Police, Joseph L. Scheuering, and in that he, the said Superintendent of Police, Joseph L. Scheuering, did intentionally and unlawfully and knowingly refuse and fail to submit, offer and tender a police report of the said burglary to the District Attorney for the Parish of Orleans, and did intentionally and unlawfully and knowingly refuse and fail to report according to law said burglary to the District Attorney for the Parish of Orleans for his consideration and determination according to law, and in that he, the said Superintendent of Police, Joseph L. Scheuering, did intentionally and unlawfully and knowingly refuse and fail to detect, arrest and properly and legally charge the said police officers with the crime of simple burglary of the said building and structure, 3100 Gentilly Boulevard, known as Katz and Besthoff, Incorporated, Store No. 14, contrary to the form of the Statute * * *."
To this indictment the defendant through counsel demurred and filed a motion to quash. Before the trial judge's decision on these motions the State sought to amend the indictment for purposes of clarification only by inserting after the words "which alleged crime" the words "of burglary and complicity and participation in guilt of the said officers Sergeant Oren Hobren and Patrolman Louis Reichert in said burglary". Thus that part of the indictment as amended would have read:
"* * * which alleged crime of burglary and complicity and participation in guilt of the said officers Sergeant Oren Hobren and Patrolman Louis Reichert in said burglary had come to the knowledge of him, the said Superintendent of Police, Joseph L. Scheuering * * *."
*924 The trial judge, however, refused to permit the amendment and sustained the demurrer and the motion to quash.
In quashing the indictment the trial judge apparently was of the opinion that it was defective in three principal respects:
(1) The indictment did not charge the superintendent of police, the defendant, with knowledge that Hobren and Reichert had participated in or committed the burglary of the Katz and Besthoff store or that he had reasonable cause to believe that they had committed the crime;
(2) The indictment did not allege or state facts from which the court might have concluded that the defendant had reasonable cause to believe that Hobren and Reichert were implicated in or had committed the crime so that it became his lawful duty to cause or effect their arrest, which he failed, neglected, and refused to do; and
(3) The indictment charged no offense in alleging that defendant had failed to report the crime to the district attorney because there is no written rule, regulation, or statute which requires the New Orleans superintendent of police to report a crime to the district attorney.
Generally an indictment which charges an offense in the language of the statute defining it is sufficient. However, if the statute is one which defines an offense in general terms, use of the language of the statute is not sufficient, and the indictment must also state the specific acts of the defendant on which the charge is based. State v. Hebert, 205 La. 110, 17 So.2d 3; State v. Ward, 208 La. 56, 22 So.2d 740; State v. Varnado, 208 La. 319, 23 So.2d 106, and authorities therein cited. The indictment in the instant case is sufficient when tested by these principles of law. It tracks the general language of the malfeasance statute which the defendant is charged with violating. In addition it spells out in detail how and in what manner the statute was violated by stating the specific facts on which the charge of malfeasance was based.
Moreover, the indictment in the instant case fully meets the tests which this court has set up to determine the sufficiency of an indictment or information, that is:
"(1) Is the indictment or information sufficient to inform the court of the offense being charged in order that the court might properly regulate the evidence sought to be introduced?
"(2) Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged?
"(3) Is the indictment or information sufficient on its face to support a plea of former jeopardy in the event there is an attempt to try the defendant more than once for the same offense?" State v. Ward, supra; State v. Pizzolotto, 209 La. 644, 25 So.2d 292; State v. Pullin, 210 La. 918, 28 So.2d 609; State v. Murff, 215 La. 40, 39 So.2d 817; State v. Richardson, 220 La. 338, 56 So.2d 568.
We cannot agree with the trial judge in his conclusion that the indictment did not charge knowledge on the part of the defendant that the two police officers had participated in or committed the burglary. The indictment must be read and considered as a whole. It avers the complicity of these two police officers in the burglary; that is to say, it avers that they were accomplices or participants in the crime. According to Webster's New International Dictionary (2d Ed.), "complicity" means "State of being an accomplice; participation in guilt", and this is the sense and meaning of this word as used in the indictment. The indictment then states: "* * * which alleged crime had come to the knowledge of him, the said Superintendent of Police * *". The "alleged crime" which the indictment avers had come to the knowledge of the defendant was the alleged crime of the two police officersthat is, their participation in the burglary.
We also cannot agree with the trial judge that the indictment was defective because it did not allege or state facts from *925 which the court might have concluded that the defendant had reasonable cause to believe that Hobren and Reichert were implicated in or had committed the crime.
The indictment alleges that the defendant is a public officer and charges that he intentionally, unlawfully, and knowingly refused and failed to perform a duty lawfully required of him as such public officer. It states as a fact that the defendant is a superintendent of police, and that he had knowledge that two named police officers participated in and were guilty of a burglary of a named and located store on a named date. It states as a fact that notwithstanding this knowledge the defendant did not cause or effect the arrest of these officers from January 19, 1952, to November 23, 1953. It further states as a fact that by his failure to cause their arrest he failed and refused to perform a duty lawfully required of him as such public officer. It will thus be seen that the indictment states every fact and circumstance necessary to constitute the offense charged, malfeasance in office, and under the provisions of Article 227 of the Code of Criminal Procedure it need do no more.
The trial judge's third main criticism of the indictment was that it charged no offense in alleging that the defendant had failed to report the crime to the district attorney. Counsel for the defendant argue, and the trial judge found, that there was no lawful duty on the part of defendant to report to the district attorney for the reason that this duty is not required of him by any law or statute of this state. If we concede that counsel's position is well taken, the validity of the indictment would not be affected because without this allegation the indictment would still charge an offense. Under the authority of Article 240 of the Code of Criminal Procedure, this allegation of failure to report to the district attorney may thus be regarded as unnecessary and rejected as surplusage.
It is important to note, however, that the failure of the defendant to arrest Hobren and Reichert when he had reasonable cause to believe that they were implicated in the burglary as alleged in the indictment was failure to perform a lawful duty required of him by the laws of this state. Thus Section 16 of Act 301 of 1946 sets forth, among other things, the duties and powers of the superintendent of police and the members of the police force of the City of New Orleans. This statute empowers and charges the superintendent of police and the members of the police force "* * * to preserve the public peace, to prevent crimes, detect and arrest offenders, suppress riots, * * * enforce and prevent the violation of all laws and ordinances in force in said city, and for these purposes, with or without warrant, to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crimes or offenses * * *". Moreover, R.S. 15:60 provides that "Any peace officer may, without a warrant, arrest a person: * * * (4) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it * * *." Section 16 of Act 301 of 1946 and R.S. 15:60(4) clearly set forth duties lawfully required of the superintendent of police as a public officer, and the indictment in this case alleges and sets forth facts showing a refusal and failure to perform these duties.
We are therefore of the opinion that the original indictment was not defective for the reasons given by the trial judge, and that consequently he erred in sustaining the demurrer and the motion to quash.
Even if the indictment were defective for the reasons assigned by the trial judge, however, he should have overruled defendant's demurrer and motion to quash and permitted the State to amend the indictment as requested. The Code of Criminal Procedure is very liberal with regard to the amendment of the indictment. Article 252 of that Code provides that "No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: * * * (3) That any uncertainty exists therein. * * * If *926 the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect".
Article 253 of the Code of Criminal Procedure provides that no indictment shall be quashed, set aside, or dismissed on account of any defect in form or substance unless the objection specifically stating the defect claimed is made prior to the commencement of the trial or at such time thereafter as the court in its discretion permits. It provides also that the court may at any time before, during, or after the trial amend the indictment in respect to any defect, imperfection, or omission in form or substance, and, if the amendment is one of substance, the defendant is entitled to a continuance or postponement of the trial.
Article 284 of the Code of Criminal Procedure provides: "Every objection to any indictment shall be taken by demurrer or by motion to quash such indictment, before the arraignment; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no defect had appeared."
This court has had occasion in numerous cases to discuss the right of the State to amend an indictment or information under the provisions of these articles of the Code of Criminal Procedure. In State v. Johnson, 181 La. 1, 158 So. 570, defendants were charged under a statute which made it a crime to transport knowingly by any means of conveyance, through or across this state, any woman or girl for the purpose of prostitution. No allegation was made in the information that defendants had acted knowingly. A motion to quash was filed, and the State was permitted over defendants' objection to amend the charge by inserting the word "knowingly". This court found that defendants' objection was without merit, and that the amendment was properly allowed under Article 253 of the Code of Criminal Procedure.
In State v. Morgan, 204 La. 499, 15 So.2d 866, 869, this court held that an information charging the defendant with disturbing the peace was insufficient to charge an offense under Article 103 of the Criminal Code, and observed: "The proper procedure was for counsel for the State to apply for and obtain the court's permission to amend the information so as to bring it within the provisions of Article 103 of the Criminal Code. Code Crim.Proc. arts. 253 and 284; State v. Johnson, 181 La. 1, 158 So. 570."
It should be pointed out that the liberal attitude of this court toward amending the indictment is not without limitations. Thus, in State v. Dent, 189 La. 159, 179 So. 67, 69, this court said: "Although Article 253 of the Code of Criminal Procedure authorizes the court where there is a defect in an indictment, either of form or substance, to permit its amendment, the amendment contemplated by the codal article is not such an amendment as will make the indictment charge a graver crime, with a heavier penalty, than the crime presented by the grand jury." In the instant case, however, the amendment sought by the State would not have had the effect of changing the crime or charging a different crime, and consequently, when the trial judge concluded that the indictment was defective for the reasons given by him, he should have permitted the amendment sought by the State.
After the writs were granted by this court, the defendant filed a motion to dismiss these proceedings. He contends that the issues presented by this case are now moot because the police officers Hobren and Reichert were tried and acquitted of the charge of simple burglary of the Katz and Besthoff store named in the indictment against this defendant Scheuering. Counsel for defendant argue that cases involving accessories furnish a proper analogy to the facts in the instant case and cite decisions of this court for the proposition that there can be no accessory to a crime where there is no guilty principal. This analogy is faulty upon superficial analysis. It is not the guilt or innocence of Hobren and Reichert *927 which is an important factor in the alleged malfeasance of Scheuering. The duty of Scheuering charged in the indictment is not affected by the subsequent acquittal of those whom at that time it was his duty to arrest.
For the reasons assigned the judgment of Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans affirming the judgment of Section E of the Criminal District Court for the Parish of Orleans sustaining the demurrer and the motion to quash the indictment against Joseph L. Scheuering, superintendent of police, is annulled, set aside, and reversed, and the case is remanded to the Criminal District Court for the Parish of Orleans to be proceeded with according to law.
NOTES
[1] Of the three judges composing Appellate Division No. 1, a majority affirmed the decision of the trial judge without giving written reasons, and the third dissented with written reasons.