179 So.2d 906

**STATE of Louisiana**

**v.**

**John G. "Jack" FITZGERALD.**

**No. 47745.**

Nov. 8, 1965.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Waverly A. Henning, Asst. Dist. Atty., Gordon L. Bynum, Asst. Dist. Atty., for relator.

Robert I. Broussard, Gretna, for defendant-respondent.

SANDERS, Justice.

This is a criminal prosecution. The Grand Jury of Jefferson Parish indicted the defendant for malfeasance in office as denounced by LSA–R.S. 14:134. After rejecting the District Attorney's motion to amend the indictment, the district court quashed the indictment and discharged the defendant. We granted certiorari under our supervisory jurisdiction to review the judgment.

LSA–R.S. 14:134 provides:

"Malfeasance in office is committed when any public officer or public employee shall:

"(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee * * *."

The Grand Jury indictment charged the defendant as follows:

"[He] committed the crime of Malfeasance in Office as defined by La. R.S. 14:134 in that during the above stated period of time, he the said John G. 'Jack' Fitzgerald, being then and there Sheriff of Jefferson Parish, Louisiana, a public officer, did intentionally, unlawfully and knowingly refuse and fail to perform a duty lawfully required of him as such officer, in that he, the said Sheriff of Jefferson Parish, John G. 'Jack' Fitzgerald, after having received knowledge that the crimes of Gambling, as defined by La.R.S. 14:90, had occurred throughout the Parish of Jefferson, at the following times and places, to-wit: On

January 11, 1964, at New Garden Club, 209 Monroe St., Gretna, La., and Old Southport Club, 102 River Road, Jefferson Parish, La.; on January 22, 1964, at Old Southport Club, 102 River Road, Jefferson Parish, La.; on January 24, 1964 at Hawaiian Room, 11 Fifth St. and Club 300, 306 Huey P. Long Ave., Gretna, La.; on January 24, 25, 26, 27, 1964 at Long Sam's 3729 Airline Highway, Jefferson Parish, La. and Lady Lounge, Airline Highway, Jefferson Parish, La.; on January 26 and 27, 1964 at Sports Palace, 1125 Jefferson Highway, Jefferson Parish, La., Old Southport Club, 102 River Road, Jefferson Parish, La., Clover Club, 714 First St., Gretna, La., and after having received-knowledge that crimes of Gambling were thereafter continuing to occur daily at the above stated places, all within the Parish of Jefferson and within the jurisdiction of said Sheriff, he, the said John G. 'Jack' Fitzgerald, after receipt of the knowledge of the continuing commissions of the crimes of gambling at the places aforesaid, did intentionally and unlawfully and knowingly fail and refuse to apprehend, or attempt to apprehend, those persons continuing to violate the gambling laws at the above stated places, and he, the said John G. 'Jack' Fitzgerald, after receipt of the knowledge of the continuing commis-

sions of the crimes of gambling at the places aforesaid, did intentionally and unlawfully and knowingly fail and refuse to halt, or attempt to halt, the crimes of gambling being committed continuously thereafter at the above stated places, and in that he, the said Sheriff of Jefferson Parish, John G. 'Jack' Fitzgerald, after having received knowledge on September 17, 1962 that slot machines and other gambling devices and machines as defined by La.R.S. 15:26.1 were situated in public places designated as Gennaro's, 3206 Metairie Road, Jefferson Parish, La., Pat Gillen's, 2024 Metairie Road, Jefferson Parish, La., all within the Parish of Jefferson, Louisiana, and, after having received knowledge on September 27, 1962 that slot machines and other gambling devices and machines as defined by La.R.S. 15:26.1 were situated in public places designated as Southern Tavern, 1605 Airline Highway, Pat Gillen's, 2024 Metairie Road, Larry's Restaurant, 201 Aris Ave., all within the Parish of Jefferson, Louisiana, and after having received knowledge on July 11, 1963, that slot machines and other gambling devices and machines as defined by La.R.S. 15:26.1 were situated in public places within the Parish of Jefferson, designated as Chateau Loung, 132 Huey P. Long Ave., Gretna, La., Billionaire:

Club, 223 Huey P. Long Ave., Gretna, La., Hourglass Lounge, 51 West Bank Expressway, Gretna, La., Rock's Restaurant and Bar, 24 Franklin St., Gretna, La., Tropical Lounge, 726 Monroe St., Gretna, La., Golden Room, 1630 Monroe St., Gretna, La., Turf Club, 722 First St., Gretna, La. and Favalora's Bar, 500 Lafayette St., Gretna, La., he did, after receiving knowledge of the existence of the aforesaid machines in the aforesaid places, intentionally and unlawfully and knowingly fail and refuse to confiscate and destroy the aforesaid slot machines, gambling devices and machines, or any of them, as required by La.R.S. 15:26.1, and by such conduct he did intentionally and unlawfully fail and refuse to perform a duty lawfully required of him as Sheriff of Jefferson Parish * * *."

1. The amended indictment read: "That one John G. 'Jack' Fitzgerald late of the Parish of Jefferson during the period from September 16, 1962 until March 24,. 1964 with force of arms, in the Parish of Jefferson aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish of Jefferson aforesaid, then and there being committed the crime of Malfeasance in Office as defined by La: R.S. 14:134 in that during the above stated period of time, he, the said John G. 'Jack' Fitzgerald, being then and there Sheriff of Jefferson Parish, Louisiana, a public officer, did intentionally, unlawfully and knowingly refuse and fail to perform a duty lawfully required of him as such officer, in that he, the said

The defendant filed a motion to quash the indictment, principally on the following grounds:

1. That the indictment set forth no offense denounced by law.

2. That the indictment failed to inform the defendant of the nature and cause of the accusation against him as required by Article I, Section 10, of the Louisiana Constitution.

3. That the indictment was too vague and indefinite to serve as a basis for former jeopardy or permit the defendant to prepare his defense.

On April 20, 1964, before the defendant's arraignment, the court heard the motion to quash. At that time, the state moved to amend the indictment by adding certain details.[1] The defendant objected to the motion to amend. After hearing both the

Sheriff of Jefferson Parish, John G. 'Jack' Fitzgerald, after having received knowledge that the crimes of Gambling, as defined by La.R.S. 14:90, had occurred throughout the Parish of Jefferson, at the following times and places, to-wit: *that* on the 11th day of January, 1964, *at the premises designated as* New Garden Club, 209 Monroe Street, Gretna, La., *a game of roulette and blackjack was intentionally and unlawfully conducted by a person as a business, whereby a person risked the loss of something of value in order to realize a profit;* *that on the 11th day of January, 1964;* at *the premises designated as the* Old Southport Club, 102 River Road, Jefferson Parish, La., *a game of dice was intentionally and unlawfully conducted by*

motion to quash and motion to amend, the court took them under advisement.

a person as a business, whereby a person risked the loss of something of value in order to realize a profit; that on the 22nd day of January, 1964, at *the premises designated as* the Old Southport Club, 102 River Road, Jefferson Parish, La., *games of dice, roulette and blackjack were intentionally and unlawfully conducted by a person as a business, whereby a person risked the loss of something of value in order to realize a profit; that* on the 24th day of January, 1964, at the *premises designated as the* Hawaiian Room, 11 Fifth Street, Gretna, La., *a game of blackjack was intentionally and unlawfully conducted by a person as a business, whereby a person risked the loss of something of value in order to realize a profit; that on the 24th day of January, 1964, at the premises designated as the* Club 300, 306 Huey P. Long Ave., Gretna, La., *a game of blackjack was intentionally and unlawfully conducted by a person as a business, whereby a person risked the loss of something of value in order to realize a profit; that* on the 24th, 25th, 26th and 27th days of January, 1964, *at the premises designated as the* Lady Lounge, Airline Highway, Jefferson Parish, La., *a game of blackjack was intentionally and unlawfully conducted by a person as a business, whereby a person risked the loss of something of value in order to realize a profit; that on the 24th, 25th, 26th and 27th days of January, 1964, at the premises designated as* Long Sam's, 3729 Airline Highway, Jefferson Parish, La., *a game of blackjack and dice and poker was intentionally and unlawfully conducted by a person, as a business, whereby a person risked the loss of something of value in order to realize a profit;* that on the 26th and 27th day of January, 1964 at *the premises designated as the* Sports Palace, 1125 Jefferson Highway, Jefferson Parish, La., *a game of blackjack and poker was intentionally and*

On March 29, 1965, the court rejected the motion to amend on the ground that the

unlawfully conducted as a business, whereby a person risked the loss of something of value in order to realize a profit; that on the 26th and 27th days of January, 1964, at the premises designated as the Old Southport Club, 102 River Road, Jefferson Parish, La., a game of dice was intentionally and unlawfully conducted by a person, as a business, whereby a person risked the loss of something of value in order to realize a profit; that on the 26th and 27th days of January, 1964, at the premises designated as the Clover Club, 714 First St., Gretna, La., a game of keno was intentionally and unlawfully conducted by a person, as a business, whereby a person risked the loss of something of value in order to realize a. profit; and after having received knowledge that crimes of Gambling were thereafter continuing to occur daily at the above stated places, all within the Parish of Jefferson and within the jurisdiction of said Sheriff, he, the said John G. 'Jack' Fitzgerald, after receipt of the knowledge of the continuing commissions of the crimes of gambling at the places aforesaid, did intentionally and unlawfully and knowingly fail and refuse to apprehend, or attempt to apprehend, those persons continuing to violate the gambling laws at the above stated places, and he, the said John G. 'Jack' Fitzgerald, after receipt of the knowledge of the continuing commissions of the crimes of gambling at the places aforesaid, did intentionally and unlawfully and knowingly fail and refuse to halt, or attempt to halt, the crimes of gambling being committed continuously thereafter at the above stated places, and in that he, the said Sheriff of Jefferson Parish, John G. 'Jack' Fitzgerald, after having received knowledge on September 17, 1962 that slot machines, as set forth by La.R.S. 15:26.1 were situated in public places designated as Gennaro's, 3206 Metairie Road, Jefferson Parish, La., Pat Gillen's, 2024 Metairie Road, Jefferson

District Attorney had no authority to institute an amendment to an indictment presented by the Grand Jury.

On the same date, the court sustained the motion to quash and discharged the defendant.

We conclude the district court erred in both rulings.

■ As we have emphasized in previous decisions, the Code of Criminal Procedure is liberal regarding amendment of an indictment upon motion of the District Attorney. LSA–R.S. 15:252, 253, 284; State v. Scheuering, 226 La. 660, 76 So.2d 921; State v. Marcotte, 229 La. 539, 86 So.2d 186; State v. Morgan, 204 La. 499, 15 So.2d 866. The state's proposed amendment charged no new crime. Rather, it supplied additional details of the crime already charged. We must order the amendment. Consequently, our decision sustains the indictment as amended.

■ A long-form indictment, such as that used here, must allege "every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used." LSA–R.S. 15:227; State v. Bertrand, 247 La. 232, 170 So.2d 386.

■ As a general rule, an indictment is sufficient when it charges an offense in the language of the statute defining it. If, however, the statute only defines the offense in general terms, then the indictment must also state the specific conduct of the defendant upon which the charge is based. State v. Scheuering, 226 La. 660, 76 So.2d 921; State v. Hebert, 205 La. 110, 17 So. 2d 3; State v. Varnado, 208 La. 319, 23 So. 2d 106.

■ To be sufficient, the indictment must pass the following established tests:

Parish, La., all within the Parish of Jefferson, Louisiana, and after having received knowledge on September 27, 1962 that slot machines, as set forth by R.S. 15:26.1 were situated in public places designated as Southern Tavern, 1605 Airline Highway, Pat Gillen's 2024 Metairie Road, Larry's Restaurant, 201 Aris Ave., all within the Parish of Jefferson, Louisiana, and after having received knowledge on July 11, 1963, that slot machines, as set forth by La.R.S. 15:26.1 were situated in public places within the Parish of Jefferson, designated as Chateau Lounge, 132 Huey P. Long Ave., Gretna, La., Billionaire Club, 223 Huey P. Long Ave., Gretna, La., Hourglass Lounge, 51 Westbank Expressway, Gretna, La., Rock's Restaurant and Bar, 24 Franklin St., Gretna, La., Tropical Lounge, 726 Monroe St., Gretna, La., Golden Room, 1630 Monroe St., Gretna, La., Turf Club, 722 First St., Gretna, La., and Favalora's Bar, 500 Lafayette St., Gretna, La., he did, after receiving knowledge of the existence of the aforesaid machines in the aforesaid places, intentionally and unlawfully and knowingly fail and refuse to confiscate and destroy the aforesaid slot machines, or any of them, as required by La.R.S. 15:26.1 and by such conduct he did intentionally and unlawfully fail and refuse to perform a duty lawfully required of him as Sheriff of Jefferson Parish. * * *" (Additions to the original indictment are italicized)

(1) Is the indictment sufficient to inform the court of the offense being charged so that the court might properly regulate the evidence sought to be introduced?

(2) Does the indictment inform the accused of the nature and cause of the offense with which he is being charged?

(3) Is the indictment sufficient on its face to support a plea of former jeopardy if there is a later attempt to try the defendant again for the same offense?

See State v. Richardson, 220 La. 338, 56 So.2d 568, State v. Murff, 215 La. 40, 39 So.2d 817, and State v. Ward, 208 La. 56, 22 So.2d 740.

■ The indictment in the present case follows the general language of the malfeasance statute. In addition, it specifically describes the conduct and circumstances upon which the charge of malfeasance is based. The indictment fulfills all requirements, and is similar to that upheld by this Court in State v. Scheuering, 226 La. 660, 76 So.2d 921. Hence, the principles announced in that decision control the present case.

The defendant, however, urges that the indictment is deficient because it does not identify by name the persons engaged in gambling on the occasions alleged. We find no merit in this contention. The indictment specifies the date, place, and type of gambling. It also alleges that the defendant received knowledge of the crimes, but intentionally failed and refused to perform his duty as Sheriff. The names of the third persons who participated in the gambling are not essential to the validity of the indictment. See State v. Jones, 160 La. 209, 106 So. 830; State v. John, 129 La. 208, 55 So. 766; and 27 Am.Jur., Indictments and Informations, § 81, pp. 643–644.

For the reasons assigned, the judgment of the district court is reversed, the motion to amend is granted, the motion to quash is overruled, and the case is remanded to the district court for further proceedings according to law.

180 So.2d 403

**STATE of Louisiana**

**v.**

**Wilbert DICKSON.**

**No. 47744.**

Nov. 8, 1965.

Rehearing Denied Dec. 13, 1965.

