315 So.2d 749 (1975)
STATE of Louisiana
v.
Lloyd BLUAIN.
No. 55799.
Supreme Court of Louisiana.
June 23, 1975.
*751 Samuel S. Dalton, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Giles Duplechin, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., New Orleans, for plaintiff-appellee.
SANDERS, Chief Justice.
The Jefferson Parish Grand Jury indicted Lloyd Bluain for an aggravated crime against nature in violation of LSA-R.S. 14:89.1. The State later amended the indictment to set out the details of the crime in two counts. After trial, the twelve-man jury found the defendant guilty of both counts. The court sentenced the defendant to fifteen years imprisonment on each count, to run concurrently. Defendant appeals his conviction and sentence, relying on ten bills of exceptions.
The incident which is the subject of this criminal prosecution took place in the early hours of October 11, 1971. The victim of the sexual assault, a married woman, was driving her automobile, when the defendant drove his vehicle into hers. After the collision, both drivers pulled their cars out of the roadway. While defendant was moving his car, the victim wrote down the license number of the car on a matchbox and put it in her purse. Thereafter, defendant forced the victim into his car at knife point. He ordered her to lie on the floorboard, placing a black trench coat over her head. He then blindfolded and gagged her. Defendant drove the victim to his residence, where he committed two acts of unnatural carnal copulation by forcing her to have anal and oral sex with him. Defendant then drove the victim to River Road, where he pushed her out of the car. She sought help and was taken to the Ochsner Foundation Hospital. From memory, the victim described defendant's car and gave its license number as "313 B 166". The license number, given from memory, proved to be incorrect. However, several days later, a Highway Department worker found and returned the purse. The purse still contained the matchbox on which the victim had written the license number of the defendant's vehicle. This number, "313 B 661", was used by the police to secure the address of defendant Bluain. Bluain was apprehended at his residence. His home was searched pursuant to a search warrant and photographed.

BILL OF EXCEPTIONS NO. A-1
Prior to trial, defendant filed a motion styled Motion for Protective Due Process as to Suggestive Identification. When the trial court overruled his motion, defendant reserved Bill of Exceptions No. A-1.
In the motion, defendant alleged that, as of the date of the filing, no person had identified the accused. The defendant averred that the State would rely on suggestive identification by forcing the defendant to sit at the defendant's table in the courtroom at trial. He sought protection from in-court identification under these alleged conditions. In State v. Brooks, La., 294 So.2d 503 (1974), we rejected a similar complaint. That decision is controlling here.
The defense submits that the State improperly used the preparation of its witness, together with the trial itself, to suggest the identification of the defendant.
The record reflects that the victim positively identified the defendant at trial. Her identification was based on her face to face encounter with the defendant at the time of the automobile collision before she *752 was blindfolded. The witness also identified tile flooring from photographs of the defendant's house introduced at trial, which she saw through the bottom of the blindfold. In our opinion, the identification procedure contains no infirmity.
This bill of exceptions is, therefore, without merit.

BILL OF EXCEPTIONS NO. 1
Defendant reserved Bill of Exceptions No. 1 to the trial judge's ruling allowing the District Attorney to amend the Grand Jury indictment.
Originally, the indictment alleged only that the defendant committed "the crime of aggravated crime against nature as defined in R.S. 14:89.1 in that he did have unnatural carnal copulation with [the victim]."
On motion of the District Attorney before trial, the judge allowed an amendment of the indictment to describe the unnatural sex acts as required by Article 465 of the Louisiana Code of Criminal Procedure. Because there were two different types of acts committed, the amendment was in two counts.
Defendant asserts that the original indictment was fatally defective and that the ruling allowed the District Attorney to improperly rewrite the indictment, adding a crime not originally charged.
Quite clearly, a district attorney can amend a Grand Jury indictment. State v. Fitzgerald, 248 La. 487, 179 So.2d 906 (1965). Here, the original indictment was deficient in that it failed to describe the unnatural sex acts, referring only to "unnatural carnal copulation." The amendment corrected the deficiency. Accordingly, we regard it as an amendment of substance.
An amendment of substance is properly allowed before trial. LSA-C.Cr.P. Art. 487; State v. Hubbard, La., 279 So.2d 177 (1973).
We conclude that there was no error in the ruling of the trial judge.

BILL OF EXCEPTIONS NO. 2
The defendant reserved Bill of Exceptions No. 2 to the court's overruling of the defendant's Motion to Quash the indictment. The defendant asserts that LSA-R.S. 14:89 and LSA-R.S. 14:89.1, proscribing the crime against nature, are unconstitutional. This Court has recently rejected an attack upon the constitutionality of LSA-R.S. 14:89. State v. Lindsey, La., 310 So.2d 89 (1975); State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964). In the light of that holding, LSA-R.S. 14:89.1 is likewise constitutional.
Bill of Exceptions No. 2 is consequently without merit.

BILL OF EXCEPTIONS NO. 3
Defendant reserved Bill of Exceptions No. 3 when the trial court ruled that rearraignment after amendment of the indictment was unnecessary. He urges that he is entitled to be arraigned on the amended indictment with an opportunity to file technical motions upon the amended indictment.
The function of an arraignment is to notify the defendant of the charge against him. LSA-C.Cr.P. Art. 551. Defendant was arraigned on the original indictment. His plea of not guilty also applied to the amended indictment, since the amendment was designed to cure deficiencies and not to alter the nature of the crime. See State v. Bonner, 193 La. 387, 190 So. 621 (1939). Under these circumstances, rearraignment was unnecessary.
Moreover, defendant fails to show what motion he would have filed if he had been rearraigned.
Bill of Exceptions No. 3 is, therefore, without merit.

*753 BILL OF EXCEPTIONS NO. 4
Defendant reserved Bill of Exceptions No. 4 when the court denied his motion for a continuance after the amendment of the indictment. The amendment was timely made prior to trial. As stated in Bill of Exceptions No. 1, it set forth the details of the charge in conformity with LSA-C.Cr.P. Art. 465.
Defendant did not show that his defense was prejudiced by the amendment. He, therefore, was not entitled to a continuance. LSA-C.Cr.P. Art. 489.
Consequently, Bill of Exceptions No. 4 lacks merit.

BILL OF EXCEPTIONS NO. 5
Defendant reserved this bill of exceptions when the court denied his motion to suppress photographs taken of his house. He contends that the application for the search warrant does not show probable cause to support the search warrant. Defendant contends that the affidavit contains no facts indicating that his residence was the scene of the crime or that it contained any evidence of the crime.
The affidavit upon which the search warrant issued set forth detailed facts of the crime, reciting that the victim was taken to defendant's residence, where the crime was committed. It recites that defendant's address was obtained by means of license registration furnished by the victim.
The search warrant specifically included the taking of photographs, as well as a search for one black trench coat, a large knife, and other items used in the commission of the crime. As the photographs were taken pursuant to a search warrant based on a proper showing of probable cause, they were properly admitted into evidence.

Bill of Exceptions No. 5 lacks merit.

BILL OF EXCEPTIONS NO. 6
In Bill of Exceptions No. 6, defendant complains that he was denied a fair opportunity to select or be tried by a cross-section of the community. He complains that thirty-two percent of the jury panel were absent.
Defendant in the instant case makes no showing that any special class was systematically excluded or that he was deprived of a trial before an unbiased jury or that he was compelled to accept an obnoxious juror.
We rejected a similar contention in State v. Stephenson, La., 291 So.2d 767 (1974), stating:
"The accused has no right to a trial by any particular jury or juror, but only to a trial by a competent, impartial jury."
The defendant relies upon Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). That decision, dealing with the exclusion of women from jury service, is inapplicable to the present case.
Bill of Exceptions No. 6, is, therefore, without merit.

BILL OF EXCEPTIONS NO. 7
Detective Rushing, one of the State's witnesses, testified that he took the license number written down by the victim, checked it in accordance with police procedures and found it to be registered in the name of Lloyd Bluain, 301 Rotunda Avenue, in Avondale. The defendant's hearsay objection was overruled.
It is apparent from the record that the testimony was offered to explain how the officer ascertained the location of the vehicle to secure a search warrant for it. The evidence was not offered to prove the ownership of the car. There was no issue at the trial concerning its ownership. Hence, the testimony was non-hearsay.
*754 Recently, in State v. Carvin, La., 308 So.2d 757 (1975), we held similar testimony to be admissible.
Bill of Exceptions No. 7, therefore, is without merit.

BILL OF EXCEPTIONS NO. 8
Defendant reserved Bill of Exceptions No. 8 when the trial court denied his motion in arrest of judgment. Defendant, in his brief, grounds this motion on the bills of exceptions previously reserved. For the reasons previously assigned, the defendant's motion in arrest of judgment was properly denied.
Bill of Exceptions No. 8 is without merit.

BILL OF EXCEPTIONS NO. 9
Defendant reserved Bill of Exceptions No. 9 when the trial court denied his motion for a new trial. This motion is also grounded on contentions found to be without merit in other bills of exceptions.
Finally, we note an error in sentencing. The trial judge imposed a sentence of fifteen years imprisonment on each count, to run concurrently. We regard the two sentences as an error patent on the face of the record. See LSA-C.Cr.P. Art. 920. Although the conduct was described in two counts, the bill of information charged only one crime. Therefore, only one sentence should have been imposed. See LSA-C.Cr.P. Art. 493, Comment(c). Accordingly, we vacate the concurrent sentences and remand for sentencing according to law.
For the reasons assigned, the conviction is affirmed. The sentences are vacated, and the case is remanded for resentencing according to law and consistent with the views herein expressed.
DIXON, J., concurs, not agreeing with discussion of Bill #1.
BARHAM, J., dissents, being of the opinion La.R.S. 14:89 and 14:89.1 are unconstitutional. See dissent in State v. Lindsey, La., 310 So.2d 89.
CALOGERO, J., dissents, being of the belief that La. R.R. 14:89 is unconstitutionally vague and indefinite.